UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
=========================================

10 ELLICOTT SQUARE COURT CORPORATION d/b/a
ELLICOTT DEVELOPMENT COMPANY and
5182 GROUP, LLC

                Plaintiffs,                            **COMPLAINT**

                                                                   Civil No.

v.

MOUNTAIN VALLEY INDEMNITY COMPANY,

                Defendant.
=========================================

      Plaintiffs 10 Ellicott Square Court Corporation d/b/a Ellicott Development Company and 5182 Group, LLC, by their attorneys, Kenney Shelton Liptak Nowak LLP, as and for their complaint against defendant Mountain Valley Indemnity Company allege, upon information and belief:

### PARTIES, JURISDICTION, AND VENUE

      1.      10 Ellicott Square Court Corporation d/b/a Ellicott Development Company ("Ellicott Development") is a domestic business corporation with its principal place of operations in Buffalo, New York.

      2.      5182 Group, LLC ("5182 Group") is a domestic limited liability company with its principal place of operations in Buffalo, New York.

3. Upon information and belief, Mountain Valley Indemnity Company ("Mountain Valley") is a New Hampshire corporation authorized to issue liability insurance policies in New York State.

4. This action arises, in part, under the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. A justiciable controversy exists between Ellicott Development and 5182 Group on the one hand, and Mountain Valley on the other, regarding Mountain Valley's obligations to Ellicott Development and 5182 Group under the insurance policy alleged herein.

6. Ellicott Development and 5182 Group have no other adequate remedy at law.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon complete diversity of citizenship of the parties, and an amount in controversy that, upon information and belief, exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this district.

**FACTS**

9. Prior to September 9, 2003, Ellicott Development, as leasing manager/construction manager for 5182 Group, the owner of property located at 24 Johnson Parkway in Buffalo, New York, entered into a subcontract with Ellicott Maintenance, Inc. ("Ellicott Maintenance") under which Ellicott Maintenance agreed to act as general contractor for a construction project at 24 Johnson Parkway known as the Graystone Project (the "construction contract").

10. Under the construction contract, Ellicott Development and 5182 Group were to be named as additional insureds under an insurance policy issued to Ellicott Maintenance with specified amounts of coverage totaling at least five million dollars. The additional insured coverage was required to be written on a primary and non-contributing basis.

11. Ellicott Maintenance is insured under an insurance policy including general liability coverage issued by Mountain Valley Indemnity Company for the policy period from March 15, 2003 to March 15, 2004 and bearing policy number 331-0013567-02 (the "Mountain Valley policy").

12. The Mountain Valley policy has a per-occurrence limit of one million dollars and a general aggregate limit of two million dollars.

13. Under the policy, Mountain Valley is obligated to pay those sums that an insured becomes legally obligated to pay as damages because of bodily injury to which the policy applies.

14. Under the policy, Mountain Valley is obligated to defend an insured against any suit seeking damages for bodily injury to which the policy applies, regardless of whether such suit is groundless, false, or fraudulent.

15. The Mountain Valley policy includes as additional insureds persons or organizations with whom Ellicott Maintenance agreed in a written contract to provide insurance.

16. On September 9, 2003, David DelPrince ("DelPrince"), an employee of S&A Debris Removal, a subcontractor to Ellicott Maintenance, was allegedly injured in the course of his employment for S&A Debris Removal on the construction project located at 24 Johnson Parkway.

17. On or about October 28, 2004, DelPrince commenced a lawsuit in New York State Supreme Court, Erie County against various parties including Ellicott Development and 5182 Group captioned <u>David DelPrince v. 5182 Group, Inc, Ellicott Maintenance, Inc., Ellicott Development Co., LLC, and 10 Ellicott Square Court Corporation d/b/a Ellicott Development Company</u>, Index No. I2004-11061 (the "<u>DelPrince</u> action" or "underlying action").

18. With respect to the <u>DelPrince</u> action, Ellicott Development and 5182 Group are additional insureds under the Mountain Valley policy issued to Ellicott Maintenance.

19. On August 19, 2003, Mountain Valley's agent, LRMP, Inc., issued a certificate of insurance indicating Ellicott Development's and 5182 Group's status as additional insureds on a primary and noncontributing basis under the Mountain Valley policy.

20. Ellicott Development advised Mountain Valley's agent, LRMP, Inc., of the occurrence on the day it occurred, September 9, 2003.

21. On October 22, 2003, Ellicott Development on behalf of itself and 5182 Group issued a letter to Mountain Valley's agent, LRMP, Inc., advising of the occurrence and requesting that Mountain Valley defend and indemnify Ellicott Development and 5182 Group in connection with the incident based on their status as additional insureds under the Mountain Valley policy issued to Ellicott Maintenance.

22. Nautilus Insurance Group, plaintiffs' insurer, provided notice of the occurrence directly to Mountain Valley on December 23, 2003.

23. Mountain Valley rejected Ellicott Development's tender and disclaimed coverage by letter dated April 13, 2004.

24. By letters dated April 28, 2004 and December 19, 2006, Ellicott Development reiterated its earlier request that Mountain Valley defend and indemnify Ellicott Development and 5182 Group in connection with DelPrince's alleged injuries based on their status as additional insureds under the Mountain Valley policy issued to Ellicott Maintenance.

25. Mountain Valley continues to wrongfully refuse to defend and indemnify Ellicott Development and 5182 Group as additional insureds under Ellicott Maintenance's policy in connection with the DelPrince action.

### FIRST CAUSE OF ACTION

26. Plaintiffs reallege paragraphs 1 through 25 as if fully set forth.

27. Ellicott Development and 5182 Group are additional insureds under the Mountain Valley policy.

28. DelPrince's complaint alleges that he was injured in the course of his employment for S&A Debris Removal at the Graystone Project.

29. Ellicott Development and 5182 Group are thus entitled, as a matter of law, to a defense against the DelPrince action from Mountain Valley under the Mountain Valley policy issued to Ellicott Maintenance, and to indemnification for any verdict or judgment rendered against them in the underlying action.

30. Mountain Valley refuses to provide Ellicott Development and 5182 Group with a defense against the DelPrince action.

31. Mountain Valley has materially breached the policy, causing damage to Ellicott Development and 5182 Group.

32. Ellicott Development and 5182 Group are entitled to an order declaring that Mountain Valley is obligated to defend and indemnify them in connection with the <u>DelPrince</u> action on a primary and noncontributing basis.

## SECOND CAUSE OF ACTION

33. Plaintiffs reallege paragraphs 1 through 32 as if fully set forth.

34. Ellicott Development and 5182 Group are additional insureds under the Mountain Valley policy issued to Ellicott Maintenance.

35. DelPrince's complaint alleges that he was injured in the course of his employment for S&A Debris Removal at the Graystone Project.

36. Ellicott Development and 5182 Group are entitled, as a matter of law, to a defense from Mountain Valley under the Mountain Valley policy issued to Ellicott Maintenance, and to indemnification for any verdict or judgment rendered against them in the underlying action.

37. Mountain Valley refuses to provide Ellicott Development and 5182 Group with a defense against the <u>DelPrince</u> action.

38. Mountain Valley has materially breached the policy causing damage to Ellicott Development and 5182 Group.

39. Ellicott Development and 5182 Group are entitled to judgment in the amount expended for defense and indemnification against the <u>DelPrince</u> action.

## THIRD CAUSE OF ACTION

40. Plaintiffs reallege paragraphs 1 through 39 as if fully set forth.

41. Mountain Valley's duty to disclaim coverage to Ellicott Development and 5182 Group was triggered, at the very latest, when it was placed on notice of their claim for coverage

by Ellicott Development on the date of the accident and again on October 22 and December 23, 2003 when it was placed on notice by the plaintiffs and Nautilus, respectively.

42. Mountain Valley rejected Ellicott Development's tender and disclaimed coverage by letter dated April 13, 2004.

43. Mountain Valley's over seven-month delay in issuing its disclaimer is untimely as a matter of law pursuant to New York Insurance Law § 3420(d), and Mountain Valley is therefore precluded from raising late notice as a defense to coverage or from raising any other defense to coverage.

44. Mountain Valley has the burden of proving that its over seven-month delay in disclaiming against Ellicott Development and 5182 Group was reasonable and justified.

45. As a matter of law, Mountain Valley cannot satisfy its burden of proving that its over seven-month delay in disclaiming was reasonable and justified.

46. Mountain Valley's refusal to defend and indemnify Ellicott Development and 5182 Group in connection with the <u>DelPrince</u> action constitutes a breach of the Mountain Valley policy and a violation of the New York Insurance Law.

## FOURTH CAUSE OF ACTION

47. Plaintiffs reallege paragraphs 1 through 46 as if fully set forth.

48. On or about August 19, 2003, LRMP, Inc. issued a certificate of insurance on behalf of Mountain Valley and Ellicott Development identifying Ellicott Development and 5182 Group as additional insureds under the Mountain Valley policy in connection with the construction project at which the underlying plaintiff was allegedly injured.

49. LRMP, Inc. issued the certificate of insurance with the authorization of Mountain Valley.

50. LRMP, Inc. was within its actual authority in issuing the certificate of insurance on behalf of Mountain Valley.

51. LRMP, Inc. was within its apparent authority in issuing the certificate of insurance on behalf of Mountain Valley.

52. Mountain Valley is bound by the certificate of insurance and is obligated to provide additional insured coverage to Ellicott Development and 5182 Group and to defend and indemnify each in the Underlying Action on a primary and non-contributing basis.

**WHEREFORE**, Ellicott Development and 5182 Group demand judgment against Mountain Valley:

1. Ordering that Mountain Valley must defend and indemnify Ellicott Development and 5182 Group in connection with the DelPrince action on a primary and noncontributing basis;

2. Ordering that Mountain Valley must pay all amounts expended for defense and indemnity on Ellicott Development's and 5182 Group's behalf through to the date Mountain Valley assumes their defense; and

3. Ordering such other relief as the Court deems just and proper.

Dated: January 30, 2007

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

s/Judith Treger Shelton, Esq.

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 853-0265
e-mail: JTShelton@kslnlaw.com

*Attorneys for Plaintiffs,*
*10 Ellicott Square Court Corporation*
*d/b/a Ellicott Development Company*
*and 5182 Group, LLC*

To:   Mountain Valley Indemnity Company
      P.O. Box 2695
      Liverpool, New York 13089-2695