UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

10 ELLICOTT SQUARE COURT
CORPORATION and 5182 GROUP, LLC,

                    Plaintiffs,

          v.                                              **DECISION AND ORDER**

MOUNTAIN VALLEY INDEMNITY COMPANY,              07-CV-053S(Sc)

                    Defendant.

## I. INTRODUCTION

1.       Plaintiffs 10 Ellicott Square Court Corporation[1], a construction manager, and 5182

Group, Ltd, a property owner, commenced this action on January 30, 2007, seeking a

declaratory judgment in connection with a personal injury action then pending in New York

Supreme Court, Erie County.  They claim entitlement to defense and indemnification as

"additional insureds" under a commercial general liability insurance policy and an

excess/umbrella insurance policy issued by Defendant Mountain Valley Indemnity

Company ("MVIC") to Ellicott Maintenance, Inc., the general contractor for the project at

which the injury occurred.

2.       District Judge Richard J. Arcara, to whom this case originally was assigned, referred

the action to United States Magistrate Leslie G. Foschio, pursuant to 28 U.S.C. §

636(b)(1)(A) and (B).  (Docket No. 5)  Both parties moved for summary judgment and, on

---

[1]  This corporation does business as Ellicott Development Company, and hereafter is referred to
as "EDC."

1

September 22, 2009, Judge Foschio issued a Report and Recommendation (Docket No. 34), recommending that Plaintiffs' motion (Docket No. 19) be granted, and Defendant's motion (Docket No. 14) be denied.

3.      The Report and Recommendation addressed the following questions: (1) whether the construction contract between Plaintiffs and Ellicott Maintenance, though not signed prior to the accident, was "executed" such that it obligates Defendant to provide Plaintiffs with insurance coverage, (2) whether Plaintiffs can rely on the insurance certificate naming them as additional insureds as entitling them to the insurance coverage afforded "additional insureds" under the policies, and (3) whether the timely notice of potential claim Plaintiffs provided to Defendant with regard to the primary insurance policy also served as notice of potential claim with regard to the excess insurance policy.  Magistrate Judge Foschio answered each in the affirmative.

4.      Defendant timely filed objections to each of the Magistrate Judge's conclusions, Plaintiffs responded to the objections, and Defendant filed a reply.  Thereafter, this action was transferred to the undersigned and the matter is now before this Court for review.

5.      A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. United States v. Singleton, 608 F. Supp. 2d 397, 401 (W.D.N.Y. 2009) (citing White v. Fischer, No. 04-CV-5358, 2008 U.S. Dist. LEXIS 69110, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008)).  "The clearly-erroneous standard also applies if a party makes only 'conclusory or general objections, or simply reiterates his original arguments.'"

2

<u>Singleton</u>, 608 F. Supp. 2d at 401 (quoting <u>Barratt v. Joie</u>, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); <u>Camardo v. GM Hourly-Rate Emples. Pension Plan</u>, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). After reviewing the Report and Recommendation and the objections thereto, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

6.      Here, Defendant incorporates and restates precisely the same arguments made in its underlying motion and in its response to Plaintiffs' motion.

7.      Defendant's objection to the Magistrate Judge's first conclusion is two-fold. First, it argues that the Magistrate Judge based his conclusion that the construction contract had been "executed" on the enforceability of that agreement rather than on the policy terms. Having reviewed the Report and Recommendation and the parties submissions, I find this objection is without merit. Next, Defendant contends that the Magistrate Judge's construction of the term "executed" is erroneous as a matter of settled law. This Court accepts the analysis set forth in the Report and Recommendation, as consistent with <u>Burlington Ins. Co.</u>, 22 Misc. 3d 1112A, 2008 N.Y. Misc. LEXIS 7370 (N.Y. Sup. Ct., Nassau Co., Nov. 10, 2008) (factually similar case holding that unsigned construction contract was "executed" prior to injury, and plaintiffs therefore were entitled to coverage).

8.      Defendant next objects to the Magistrate Judge's alternative holding that "Defendant is bound by the insurance certificate, issued by Defendant's agent under apparent or actual authority, to provide Plaintiffs with insurance [as additional insureds] under both the primary and excess insurance policies" listed in the certificate. (Docket No. 34 at 17-18.) Defendant concedes it "does not dispute that [the agent] did have the authority to, and did,

3

bind coverage." (Docket No. 37 at 13.)  Having reviewed the decisional authority on which both parties rely, this Court rejects Defendant's contention that Magistrate Judge Foschio's finding is erroneous as a matter of law.

9.      Finally, Defendant contends it was error to conclude coverage exists under the umbrella policy because no coverage exists under the primary policy.  The latter premise already having been rejected, the former also must fail.

10.     The Court has thoroughly reviewed this case *de novo* and has considered Judge Foschio's Report and Recommendation, Defendant's Objections thereto, and the applicable law.  Upon due consideration, this Court will accept Judge Foschio's report and recommendation and deny Defendant's Objections.

IT HEREBY IS ORDERED, that this Court accepts Judge Foschio's September 22, 2009 Report and Recommendation (Docket No. 34) in its entirety, for the reasons set forth therein and the additional authority provided here.

FURTHER, that Defendant's Motion for Summary Judgment (Docket No. 14) is DENIED and Plaintiffs' Motion for Summary Judgment (Docket No. 19) is GRANTED.

FURTHER, that the Clerk of this Court is directed to take the necessary steps to close this case.

SO ORDERED.


Dated:   February 19, 2010
         Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court

4